**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC KAVALAN, <br><br> Plaintiff, <br><br> v. <br><br> ATTORNEY NIKKI CLARK, and COMMISSIONER THOMAS J. NIXON, et al., <br><br> Defendants. | No. C 13-00162 JSW <br><br> **ORDER GRANTING IN PART AND DENYING IN PART EX PARTE APPLICATION TO VACATE THE ORDER AND JUDGMENT OF DISMISSAL OR, IN THE ALTERNATIVE, FOR LEAVE TO AMEND AND INSTRUCTIONS TO CLERK** <br><br> **(Docket No. 41)** |

This matter comes before the Court upon consideration of the ex parte application to vacate the order and judgment of dismissal or, in the alternative, for leave to amend filed by Plaintiff, Isaac Kavalan ("Mr. Kavalan"). On April 16, 2013, the Court granted Defendants' motions to dismiss and it concluded that it lacked jurisdiction over this matter. The Court also found that even if it had jurisdiction, Mr. Kavalan had failed to state a claim against the named defendants based on the principles of quasi-judicial and judicial immunity. (Docket No. 32.) Mr. Kavalan moves to vacate the judgment, pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(4) and, in the alternative, asks for leave to amend his complaint to name the Superior Court of the State of California, Regina Thomas and Phillip Montes.

Under Rule 60(b)(1), a court may "relieve a party or a party's legal representative from a final judgment, order or proceeding" ... based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *see also Engleson v. Burlington Northern Railroad Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992) ("To qualify for relief under Rule 60(b)(1), the movant must

demonstrate mistake, inadvertence, surprise, or excusable neglect.") (quotations and citation omitted). Mr. Kavalan does not ask the Court to vacate the judgment based on his mistake, surprise, inadvertence or excusable neglect. Rather, it appears that he argues that the *Court* made a mistake of law when it granted the motions to dismiss and when it denied him leave to amend. *See, e.g., Gila River Ranch, Inc. v. United States*, 366 F.2d 354, 357 (9th Cir. 1966) (court may grant relief under Rule 60(b)(1) based on judicial error, before time to appeal has expired); *see also Phonometrics v. Hospitality Franchise, Inc.*, 126 Fed. Appx. 793, 794 (9th Cir. 2005). The Court has considered Mr. Kavalan's arguments as to the merits of his claims, and it finds no basis to reconsider its decision. Mr. Kavalan also has not shown the judgment is void.

Rule 60(b)(4) provides for relief from judgment on the basis that a judgment is void. An incorrectly decided judgment is not itself sufficient to render a judgment void. *United Student Aid Funds, Inc. v. Espinosa*, __ U.S. __, 130 S. Ct. 1367, 1377 (2010). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.*; *see also United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999) ("A final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law."). Mr. Kavalan fails to offer any argument that persuasively demonstrates this Court's judgment was void. Rather, he attacks the merits of the Court's decision. Accordingly, he has not demonstrated that he is entitled to relief under Rule 60(b)(4).

Although Mr. Kavalan does not rely specifically on Rule 60(b)(6), that rule permits a court to set a side a judgment for "any other reason that justifies relief." "Judgments are not often set aside under Rule 60(b)(6). Rather, the Rule is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (quoting *United*

2

1  *States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), in turn quoting *United States v.*
2  *Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir. 1993)).   Mr. Kavalan has not
3  demonstrated that such extraordinary circumstances exist in this case.  Accordingly, he has not
4  demonstrated a valid grounds for relief from judgment under Rule 60(b).

5        Mr. Kavalan also argues that the Court should have granted him leave to amend.  "A pro
6  se litigant must be given leave to amend his or her complaint, and some notice of its
7  deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be
8  cured by amendment."  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing*Noll v.*
9  *Carlson,* 809 F.2d 1446, 1448 (9th Cir. 1987).

10        In its Order granting the motion to dismiss, the Court concluded that Mr. Kavalan would
11  not be able to cure the defects identified in the Order.  Therefore, it determined it would be
12  futile to grant him leave to amend.  This conclusion was not based solely on the fact that Mr.
13  Kavlan failed to sue a public entity.  Rather, it also was based on the fact that application of the
14  principles of quasi-judicial and judicial immunity were warranted based on the allegations in
15  the Complaint.  Based on the allegations in his Complaint, Mr. Kavalan cannot cure these
16  defects merely by amending his complaint to include the Superior Court, or its agent, as a
17  defendant.

18        Mr. Kavalan has not provided any information about Ms. Thomas or Mr. Montes or their
19  role in the events described in the Complaint.  The Court has grave doubts about his ability to
20  state a claim.  However, out of an abundance of caution, and in light of the Ninth Circuit's
21  admonition that pro se litigants should be granted leave to amend, the Court will vacate the
22  judgment and that aspect of its Order denying Mr. Kavalan leave to amend and he may amend
23  his complaint to include Mr. Montes and Ms. Thomas as Defendants.  Mr. Thomas may not
24  renew his claims against Commissioner Nixon or Ms. Clark, and he may not add the Superior
25  Court as a defendant.

26        The Court also reminds Mr. Kavalan that he was granted permission to proceed *in forma*
27  *pauperis*, pursuant to 28 U.S.C. Section 1915.  Under that statute, the Court shall dismiss the
28  case if at any time the Court determines that the allegation of poverty is untrue, or that the

3

action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Therefore, although the Court shall grant Mr. Kavalan leave to amend, if the Court concludes that Mr. Kavalan fails to state a claim against the new defendants, it shall dismiss the case under Section 1915(e)(2) before it orders the complaint to be served.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS, IN PART, AND DENIES IN PART, Mr. Kavalan's ex parte application. The Clerk shall re-open this file. Mr. Kavalan shall file his amended complaint, on the terms set forth above, by no later than May 24, 2013. The Court HEREBY ADVISES Mr. Kavalan that the Handbook for Pro Se Litigants, contains helpful information about proceeding without an attorney, is available through the Court's website or in the Clerk's office. The Court also advises Mr. Kavalan that he also may wish to seek assistance from the Legal Help Center. Mr. Kavalan may call the Legal Help Center at 415-782-9000, extension 8657, or sign up on the 15th Floor of the Courthouse, Room 2796, for a free appointment with an attorney who may be able to provide basic legal help, but not legal representation.

**IT IS SO ORDERED.**

Dated: April 30, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4